IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-MC-51

| | |
|---|---|
| MDY INDUSTRIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BLIZZARD ENTERTAINMENT, INC. and ) | |
| VIVENDI GAMES, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on movant Joe Thaler and Lavish Software, LLC's (collectively "Thaler and Lavish") Motion to Quash Subpoena [DE-3]. The defendant has not responded and the matter is now ripe for ruling.

## STATEMENT OF THE CASE

Thaler, a member and manager of Lavish Software, LLC, was served with a subpoena on October 31, 2007. Thaler and Lavish are not parties to the underlying action, which involves an alleged infringement of intellectual property rights related to video games and online gaming. The underlying action is being litigated in the United States District Court of Arizona. Nonetheless, Thaler, as a resident of Raleigh, North Carolina, has filed his motion to quash with this court, the court from which the subpoena was issued. See Fed. R. Civ. P. 45.

Defendants Blizzard Entertainment Inc., and Vivendi Games, Inc., served a

subpoena on Thaler commanding him to appear for a deposition and produce a broad range of documents nine days from the date the subpoenas were served. The documents that Defendants requested Thaler and Lavish Software to produce included:

> 1. All records, documents, or [sic] relating to or concerning MDY Industries, LLC, Michael Donnelly, www.wowglider.com, www.mmoglider.com, or any related entity, or the WowGlider or MMOGlider computer program, or any of its predecessors
>
> 2. All communications between you and the following entities and individuals, or documents provided by you or them or by th em to you: MDY INDUSTRIES, LLC; MICHAEL DONNELLY; WWW.WOWGLIDER.COM; WWW.MMOGLIDER.COM
>
> 3. All files located in the WTF directory (or any subdirectory) from any and all World of Warcraft installations used or controlled by Joe Thaler or Lavish Software, LLC.
>
> 4. A list of all World of Warcraft accounts registered, used or controlled by Joe Thaler or Lavish Software, LLC in the past three (3) years.

Subpoena [DE 5-2].

Thaler and Lavish object to the subpoena for two reasons: (1) because the subpoena would require disclosure of trade secrets or other confidential information, Fed. R. Civ. P. 45(c)(3)(B)(I), and (2) because the nine day response time is unreasonable and imposes an undue burden, particularly in light of the scope of the requested production, Fed. R. Civ. P. 45(c)(3)(A)(i)&(iv).

## DISCUSSION

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to third parties. See Fed. R. Civ. P. 34(c) ("A person not a party to the action may be compelled to produce documents and things or submit to an inspection as provided in Rule 45"). In response to such a subpoena, a non-party may file, as Thaler and Lavish Software did here, a motion to quash the subpoena pursuant to Rule 45(3)(c)(A). Rule 45 adopts the standard codified in Rule 26 of the Federal Rules of Civil Procedure, which allows for discovery of any matter "not privileged, that is relevant to the claim or defense of any party" when the discovery request "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court reviewing an ancillary discovery matter that is not familiar with the underlying action, should lean toward allowing the production of the disputed discovery unless the evidence is clearly undiscoverable. See Insulate America v. Masco Corp., 227 F.R.D. 427, 432 (W.D.N.C. 2005). Accordingly, the party requesting that the subpoena be quashed usually bears the burden of establishing that it should not be required to produce the requested evidence. Joiner v. Choicepoint Srvs., Inc., 2006 WL 2669370, *4 (W.D.N.C. Sept. 15, 2006) (unpublished). However, "[i]n instances where a subpoena requires disclosure of a trade secret or other confidential or commercially sensitive information it should be quashed unless the party serving the subpoena shows a substantial need and the

court can devise an appropriate accommodation to protect the interests of the party opposing such potentially harmful disclosure." Insulate America, 227 F.R.D. at 432 (internal quotations omitted).

Here Thaler and Lavish argue that the third and fourth requests for documents would require them to hand over their client lists, which constitutes confidential information and trade secrets. Defendant failed to respond to the Motion to Quash, so the court has not been provided with an explanation of whether there are other categories of documents that are responsive and do not include confidential or proprietary information that would suffice under the third and fourth document requests or whether some accommodation could be devised which would protect the movants' confidential information and trade secrets.

Thaler and Lavish next argue that the first two requests for documents, requiring the production of all records, documents or communications regarding or between Thaler and Lavish Software, and MDY Industries, LLC, Michael Donnelly, www.wowglider.com, www.mmoglider.com, and others are impermissibly broad and would impose an undue burden. "A trial court should consider the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena when considering the propriety of enforcing a subpoena." Schaaf v. SmithKline Beecham Corp., 233 F.R.D. 451, 453 (E.D.N.C. 2005). In addition, when a subpoena is issued to an entity that is not a party to the lawsuit, a

court should give extra weight to objections raised in considering the burden inflicted versus the relevance of the discovery. Id. Here, because the request is for all documents about or between the various entities listed above, without any date or content restriction, and because Defendants have not responded to the Motion to Quash, which potentially could have allowed the court to appropriately modify the subpoena, the court concludes that the subpoena is facially overbroad. See, e.g., Id. at 455 (noting that a subpoena that requested all work-related documents from an individual was overly broad).

## CONCLUSION

For the reasons set forth above, Thaler and Lavish Software's Motion to Quash is **GRANTED**. Nothing in this Order shall be construed to limit Defendants from serving another subpoena on Thaler and Lavish Software that is more narrowly tailored and that allows for sufficient time to respond.

This 15th day of January, 2008.

DAVID W. DANIEL
United States Magistrate Judge